## THE TEXAS & P. R'Y CO. v. R. F. WRIGHT.

(Case No. 1720.)

1. DAMAGES — RAILWAY COMPANY.— When, in a suit for damages, alleged to have been caused by the moving train of a railway company in a city, where the failure to ring a bell or blow a whistle had nothing to do with causing the injury, such failure cannot be considered in determining the liability of the company.

2. CHARGE OF COURT.— Every charge of a court to a jury must be tested by the facts to which it is applicable; the announcement, therefore, of a general principle in a charge, which in the abstract may be wrong, will not be cause for reversal if it be so modified by the charge, in view of the facts of the case, that it could not affect the rights of the party complaining.

3. SAME.— A refusal to give special charges, specifying certain acts of a person suing for damages for personal injuries as constituting negligence on his part, or charging him with special duties in approaching a railway crossing, is not error. Such a charge encroaches on the province of the jury. Citing R. R. Co. v. Murphy, 46 Tex., 365; R. R. Co. v. Chapman, 57 Tex., 75.

APPEAL from Kaufman. Tried below before the Hon. Green J. Clark.

On January 18, 1883, appellee brought his suit, alleging in substance that on the 30th day of November, 1883, in the city of Terrell, by reason of the negligence of defendant's servants in charge of defendant's backing train, it collided with plaintiff's wagon while

passing over Virginia street, destroying the wagon, and inflicting on himself serious and permanent injuries, to his damage $10,000.

Defendant pleaded the general denial, and specially, in substance, that if plaintiff received and sustained the injuries and damages complained of, it was by reason of his own contributory negligence in driving his team and wagon on defendant's railroad track, just in front of the train, which was then in motion and approaching the street crossing where the accident occurred; that the train was at the time switching — putting cars on the side track — and it was necessary to run it both backwards and forwards; that had plaintiff approached the crossing carefully he would not have been hurt.

The jury found for plaintiff and assessed his damages at $1,250, on which judgment was entered.

*Leake & Henry*, for appellant, cited: Potter's Dwarris, p. 175; Hodges *v.* The St. L., K. C. & N. R. R. Co., 71 Mo., 50; G., H. & S. A. R'y *v.* Bracken, 59 Tex., 71; R. R. Co. *v.* Houston, 5 Otto, 702.

*Jos. Huffmaster* and *W. H. Allen*, for appellee.

Willie, Chief Justice.— The charge complained of in the first assignment of errors was given in the language of the Revised Statutes, art. 4232.

It may be unreasonable to require a railroad company to ring a bell or blow a whistle eighty rods from a street crossing in a city, where the streets are not that far apart. It may be impossible for these signals to be given at that distance, when the train starts only a few feet from the crossing. But the statute sufficiently protects the company by freeing it from liability when the damage does not arise through a failure to give the proper signals.

For instance, in a case like the present, when the accident must have been caused either by a failure to give proper signals upon starting the train, and continuing them till the street had been passed, or by starting and crossing at all when a wagon and team were on the track; or by the appellee's attempting to cross with a wagon when a moving train was so near as to render a collision probable, it is evident that the failure to ring the bell or sound the whistle at eighty rods distance had nothing to do with the accident.

The jury, under the charge of the court, could not have taken into consideration the failure to signal at eighty rods distance from the street, but were bound to rest their decision upon one or the other of the circumstances which we have detailed.

It was plain to them that if the proper signal had been given

eighty rods from the street crossing, and yet the train had started from where it was at rest whilst a wagon was crossing the street and had backed upon the street, without using and continuing the prescribed signals, and thus brought about the collision, the fact that the original signal was given at the proper distance was of no importance in the case.

And they must also have known that, if the signal was not given at eighty rods from the street, but was given when the train started, and that it was kept up till the street was crossed, yet the plaintiff began to cross the track whilst the cars were moving in full view, and at so short a distance that he could not clear the track before they would reach him, the accident was due to the negligence of the plaintiff and the company was not liable.

These were the points presented by the facts before the jury, and the charge of the court was in accordance with them.

After reciting the general rule prescribed by statute as to ringing the bell or sounding the whistle, he proceeded to tell the jury in effect, that unless the injury occurred by reason of a failure to give these signals, the company would not be liable. He told them further that the mere failure to give the signals, as prescribed by statute, would not of itself make the company liable for damages; but the jury must be satisfied that the injury was caused by such neglect, and that the injured party himself acted with proper care and precaution, such as a prudent man would observe under similar circumstances.

Every charge of a court must be tested by the facts to which it is applicable. Applying this charge to the facts in evidence, it is clear that the instruction as to giving signals at eighty rods distance from the street crossing, whether right or wrong, was a mere harmless abstraction. It was the announcement of a general principle, which, whether correct or not in the abstract, was so modified by the court in view of the facts of the case as to be properly given to the jury.

Without passing upon the reasonableness of the statute as applied to the street of a town or city, or deciding that, if any portion of its provisions be unreasonable, that portion should be disregarded by the court, we are of opinion that the charge of the court upon the subject of signals to be given by railroad companies was not erroneous, and the appellant's first assignment of error is not well taken.

The special charges asked by defendant were properly refused. The court in its charge already given had included these instructions in a general manner. To have specified certain acts of the appellee as amounting to negligence on his part, or to have charged his

special duties upon approaching the railroad crossing, as required by these special instructions, would have been an encroachment upon the province of the jury. As no rule of law prescribed these as cautions to be observed by Wright, or determined that their non-observance was in itself contributory negligence on his part, the court was not authorized to so construe them, but properly left that matter to the jury. T. & P. R'y Co. v. Murphy, 46 Tex., 356; T. & P. R'y Co. v. Chapman, 57 id., 75.

The fourth assignment involves the consideration of conflicting evidence, which does not, at least, preponderate in favor of the appellant, and we think it is not well taken.

The judgment is affirmed.

Affirmed.

[Opinion delivered November 25, 1884.]