GRANT HAYWOOD v. GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY COMPANY.

Decided January 25, 1905.

**1.—Assumed Risk—Known Danger.**

An employe who, knowing and appreciating the danger, enters upon a perilous work, even though he does so unwillingly and by order of his superior officer, assumes the risk of injury, and can not recover therefor.

**2.—Same—Order of Foreman—Experience of Servant.**

Plaintiff, who, with three others, was engaged in unloading heavy timber from a car, informed the foreman that other and still larger timber, which they were preparing to move, was too heavy for four men to handle, but was told that they could do it easily, and to go ahead, and if anything happened he would take the consequences. Held, that plaintiff could not recover for injuries sustained due to the weight of the timber, even though he had been inexperienced in such work, he having known that the timber was too heavy, and assumed the risk incident to carrying it.

**3.—Negligence of Foreman—Insufficient Number of Men—Evidence.**

Where the action was for damages for injuries sustained by plaintiff through the negligence of the foreman in furnishing only four men to do a certain work, testimony of the foreman that four men usually did that work was admissible.

**4.—Personal Injuries—Effect of Disease.**

There being no proof tending to show that a disease, with which plaintiff was afflicted, rendered him more susceptible to injury from heavy lifting, the evidence on that point tending to show only that plaintiff's injuries were the result of disease altogether, and were not caused by heavy lifting, there was no error in refusing a special charge as to what might be the law in case the disease rendered him more susceptible to injury.

ON REHEARING.

**5.—Assumed Risk—Known Danger—Assurance of Master.**

Where the danger of obedience to an order of a foreman is as apparent to the servant as to the master or his representative, the servant can not hold the master liable for damages resulting from obedience to the order; and assurance by the master that the work is safe will not entitle the servant to recover when the risk is known and comprehended by him.

**6.—Same—Same—Obedience to Order of Master—Suddenness.**

Where the danger incident to the performance of a certain duty is known to the servant, he can justify his obedience to an order of the master to perform such duty on the ground of its suddenness, obedience under such circumstances being predicated on the theory that it was impracticable for the servant to make a careful observation.

**7.—Same—Same—Superior Knowledge of Foreman—Charge.**

Charge upon the servant's right to rely upon the superior knowledge of the master, unless the risk incident to the performance of a particular work was so obvious that he must be held to have assumed the risk, held sufficient.

Error from the District Court of Bexar. Tried below before Hon. A. W. Seeligson.

*James Routledge,* for plaintiff in error.—1. Where four employes had been instructed to carry some heavy pieces of lumber and one of them complains to the employer that said pieces are too heavy for four men to carry with safety, and the employer assures him that they can carry them with safety and easily, and that if anyone gets hurt he will stand the consequences, and peremptorily orders them to do the work, the employer thereby assumes the risk, and it makes no difference whether the employe is experienced or inexperienced. Railway Co. v. Drew, 59 Texas, 12; Railway Co. v. Turner, 3 Texas Civ. App., 487; Lumber Co. v. Johnson, 22 Texas Civ. App., 596; Railway Co. v. Bingle, 9 Texas Civ. App., 326, 29 S. W. Rep., 675; Gulf, C. & S. F. Ry. Co. v. Duvall, 35 S. W. Rep., 699; Railway Co. v. Herbert, 116 U. S., 642; Railway Co. v. Langan, 76 S. W. Rep., 32; McKee v. Tourtellotte, 167 Mass., 69, 48 L. R. A., 542, and notes thereunder; 4 Thompson on Negligence, sec. 4664.

2. Where the employer, after complaint by employe, commands the employe to do certain work, and assures him it is safe and that he will stand the consequences, the employe does not assume the risk, even if he be experienced. Gulf Ry. Co. v. Duvall, 35 S. W. Rep., 699; 4 Thompson on Negligence, sec. 4664; Hoffman v. Dickinson, 6 S. E. Rep., 53; Larson v. Center Creek Mining Co., 71 Mo. App., 512.

3. Where defendant seeks to show that plaintiff's injuries were, to a large extent, caused by a disease which he had before the accident which rendered him more susceptible to injury, it was proper to charge the jury that even if plaintiff had such disease, yet if the negligence of defendant caused the accident and the same aggravated the sufferings of plaintiff, he could recover, and it was error to refuse plaintiff's third special charge. Railroad Co. v. Shafer, 54 Texas, 641, 648; Railway Co. v. Brown, 40 S. W. Rep., 608, 614; Railway Co. v. Reagan, 34 S. W. Rep., 798; Railway Co. v. Lee, 74 S. W. Rep., 345, 347; Railroad Co. v. Northington, 17 S. W. Rep., 880; Lapleine v. R. & S. S. Co., 4 So. Rep., 875, 877; Campbell v. City, 20 N. W. (Minn), 320; Note to Phillips v. De Wald, 7 S. E. Rep., 153; 1 Thomp. on Law of Neg., sec. 151.

*Newton & Ward* and *Baker, Botts, Parker & Garwood,* for defendant in error.—A servant assumes the ordinary risks incident to the particular service in which he has voluntarily engaged. If the servant actually knows or is charged with knowledge of the risks attending the master's work, he assumes such risks and can not recover for injuries arising from such risks. The court did not err in the first paragraph of its charge to the jury, in submitting to the jury the question of plaintiff's inexperience. Hightower v. Gray, 82 S. W. Rep., 254; S. A. Traction Co. v. D. Rodriguez, 77 S. W. Rep., 420; Worlds v. Railway, 25 S. E. Rep., 646; Railway v. Drake, 35 Pac. Rep., 825; Fort Worth Iron Works v. Stokes, 76 S. W. Rep., 231; 1 Labatt, Mast. and Serv., sec. 452.

FLY, ASSOCIATE JUSTICE.—Plaintiff in error instituted this suit to

recover damages of defendant in error alleged to have arisen from personal injuries received through the negligence of defendant. A trial by jury resulted in a verdict and judgment for defendant in error.

Plaintiff in error was an employe of defendant in error, and was engaged with three other men in unloading timber for engines or tenders from a flat car and carrying it to the carpenter shop of defendant. They carried the timber on their shoulders, the distance being about two hundred yards. The timber was mixed and ranged from pieces 9 inches by 9 square and 9 to 9½ feet long to pieces 12 inches by 12 square and 9 to 9½ feet long. The longest stick was 9½ feet long and the 12 inches by 12 was the largest and heaviest timber. The piece of timber with which plaintiff claimed to have been hurt weighed from 250 to 300 pounds. There is evidence that sustains the conclusion that it was perfectly safe for four men to carry that piece of timber as well as the conclusion that plaintiff was not injured by carrying the timber as claimed by him. He was experienced in the kind of labor in which he was engaged.

According to the statement of plaintiff in error and his three companions, after they had carried the smaller timbers they arrived at the conclusion that the larger pieces were too heavy for four men to carry and plaintiff so stated to the foreman who ordered them to go ahead with the pieces of timber and stated that they could carry it with ease and that if anything happened he would stand the consequences. They then took hold of the piece of timber and in attempting to carry it plaintiff was hurt. The foreman stated that he knew nothing of the conversation and plaintiff did not complain of being hurt.

The court charged the jury as follows: "1st. You are instructed that if you believe from the evidence that the foreman of defendant, instructed plaintiff and three other employes to pick up and carry a piece of lumber, and that plaintiff complained to said foreman that the same was too heavy and large for himself and the other employes to carry it with safety; and that the foreman of defendant ordered plaintiff and the other three employes to pick it up and carry it, and stated to plaintiff that they could carry it easily enough, that it was perfectly safe for them to carry it, or that he would stand the consequences; and that plaintiff was inexperienced and relied upon said statements of said foreman, if any, and that said piece of lumber was too heavy for said four employes to carry it with reasonable safety, and that while plaintiff and the other three employes were carrying the same, and, by reason of the weight of the same being too great, one of the men "gave down" and that an extra weight was thereby thrown upon plaintiff, and that by reason thereof plaintiff was injured, substantially as alleged in his petition; and that the foreman of defendant was guilty of negligence in ordering said plaintiff and the other three employes to carry said piece of lumber under the facts and circumstances of this case; or that said foreman failed to provide a sufficient number of men to carry said piece of lumber with reasonable safety, and that such failure, if any, constituted negligence; and that said negligence, if any, was the proximate cause of the injury to plaintiff, then you should find your verdict for plaintiff, unless you find from the evidence that plaintiff had assumed the risk, as hereinafter set forth.

"2d. If you believe from the evidence that plaintiff was an old and experienced hand in the particular business of carrying said lumber, and that the danger, if any, in carrying the same was as equally open to the observation and knowledge of plaintiff as it was to the foreman of defendant, then plaintiff assumed the risk and your verdict should be for defendant.

"3d. In this connection you are, however, instructed that if you believe from the evidence that the plaintiff complained to the defendant that said piece of lumber was too heavy for himself and the other three employes to carry, and that the foreman of defendant stated to him that said four men could carry it easily enough, or that said four men could carry it safely, or stated that he, the said foreman, would stand the consequences, that the said plaintiff was entitled to rely upon the supposed better knowledge and statements of his employer, and that said plaintiff did not assume the risk and danger incident to the carrying of said piece of lumber, unless you believe from the evidence that the danger or risk, if any, was so patent or obvious that an ordinarily prudent person would have declined to have helped to carry said piece of lumber under the facts and circumstances of this case."

The first two paragraphs of the charge are attacked on the ground that the question of the experience or inexperience of plaintiff was not an issue in the case, but that defendant in error would be liable no matter how experienced plaintiff may have been if the foreman ordered him to do the work and assured him that he and his coemployes could easily do it and that he, the foreman, would stand the consequences. The authorities offered fail to sustain the proposition of defendant in error, and no authority has come to the knowledge of this court that supports the proposition. The experience or inexperience of the servant acting under orders was the vital point in the case. If plaintiff in error was experienced in lifting timber or other heavy objects, he was in a position to understand the danger as well as the master, and it is the general rule that an employe who knowing and appreciating the danger enters upon a perilous work, even though he does so unwillingly and by order of his superior officer, assumes the risk of injury and can not recover damages therefor. (Farren v. Railway (Mass), 9 N. E. Rep., 608; Kean v. Rolling Mills (Mich), 33 N. W. Rep., 395; Roul v. Railway (Ga.), 11 S. E. Rep., 558; Worlds v. Railroad (Ga.), 25 S. E. Rep., 646.)

In the case of St. Louis, A. & T. Ry. Co. v. Lemon, 83 Texas, 143, the plaintiff had been injured in assisting three others to remove a hand car from the track, under the orders of his foreman, and it was held: "If it were true, and he knew that four men were not sufficient to remove the hand car from the track to prevent a collision with a train, or if the fact was open to common observation, and he could have known it by the use of ordinary care, he assumed the risk as incident to his employment, and can not recover." It was proved in that case that plaintiff was experienced in the work undertaken by him. In this case plaintiff not only was experienced but no doubt can be entertained that he knew that the piece of timber was too heavy for the four men to carry for they discussed it and he told the foreman that it was too heavy. Knowing that the log was too heavy he could not recover even though he had been inexperienced for experience could have done no

more than apprise him of the weight of the log and any man would know the danger of lifting anything too heavy for his strength. (Jones v. Railway Co., 31 S. W. Rep., 706; Hightower v. Gray, 11 Texas Ct. Rep., 392; San Antonio T. Co. v. Rodriguez, 77 S. W. Rep., 420.)

The question as to the experience of plaintiff in error was raised by an allegation in a trial amendment, in which it was stated that he was inexperienced in the work undertaken by him. The question of experience, however, would cut very little figure under the facts of this case, because plaintiff in error knew that the piece of timber was too heavy for him and his associates to carry and he seeks to justify his attempt to carry it simply on the ground that he was ordered to do so and assured that it could be done with safety. Similar facts are found in Jones v. Railway and Worlds v. Railway above cited.

It was permissible for the foreman to state that four men usually handled the kind of timber that plaintiff was assisting in carrying. It tended to show that the piece of timber was not too heavy for four men to carry, and that the foreman did not have any knowledge that it was too heavy.

There was no testimony tending to show that the disease with which plaintiff in error was afflicted rendered him more susceptible to be injured by heavy lifting, the object and purpose of the evidence on that point being to show that the injuries of plaintiff in error were the result of the disease altogether and were not caused by heavy lifting. It was in proof that the disease was all that was the matter with plaintiff in error. It follows that the court did not err in refusing to give a special charge as to what might be the law in case disease rendered plaintiff in error more susceptible to be hurt. The charge was not the law any way for if the injuries were superinduced by the disease and the strain of lifting the piece of timber would not have caused the injuries and defendant knew nothing of the disease, it would not be liable for such injuries. Plaintiff in error swore that he had no disease when he was hurt and claimed that this whole trouble came from lifting the piece of timber, while witnesses for defendant in error swore that plaintiff in error had no injury whatever but had a disease from which he was suffering. The issue as to the augmentation of the effects of the disease by the lifting was not raised by pleading or evidence.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

It is alleged in the petition, filed by appellant in this case, that he and three other employes were ordered by their foreman to pick up and carry a large piece of lumber from one point to another and that appellant "and other workmen complained to the said foreman and protested that the said piece of lumber was too heavy and large for said four men to carry and that it required a greater number of men to carry it with safety." The evidence shows that appellant knew that the timber was too heavy for four men to carry and yet because ordered to do so by his foreman he attempted to carry it. Not only was the danger patent but the allegations and proof disclose the absolute knowledge upon the part of appellant of such danger. He seeks to avoid the consequences

of his knowledge of the danger by proof that he was peremptorily ordered by the foreman to perform the labor. He does not in his original pleadings claim that he was inexperienced although afterwards set up and the proof showed that he not only was experienced, but knew more about the dangers of the situation than did the foreman. After the men had taken the log up and tested the weight, appellant swore that they found that they were right as to its weight and that it was too heavy for four men to carry and tried to walk fast so as to reach a flat car and place it thereon.

In the case of Smith v. Armour, 84 S. W. Rep., 675, the plaintiff alleged facts showing that he knew that a certain implement was defective, yet, acting under the peremptory orders of his foreman, he used it and was injured. The Court of Civil Appeals of the Second District approved the action of the trial court in sustaining a demurrer to the petition. After laying down the ordinary rule as to the duty of masters to furnish suitable and safe machinery and to employ a sufficient number of competent and careful servants the court said: "Conceding this, and conceding a failure of the master in these respects, it is nevertheless true, with an exception not necessary to here notice, that if the servant knows or by the exercise of ordinary care for his own safety would have known of the defect and failure of which he complains, and of the danger of a continued use of the defective machinery, or of continuing labor without a sufficient number of competent and careful coservants, he assumes the risks arising from negligent failures of the master in the particulars mentioned."

The assurance on the part of the foreman that there was no danger carried with it nothing but what is implied from every order and appellant can not justify his performance of the order on the ground of its suddenness, because obedience under such circumstances is predicated on the theory that it was impracticable for the servant to make a careful observation. Appellant knew the timber was too heavy.

A servant though directly commanded to perform certain work by his master, where the danger is so obvious that a prudent man would not undertake it can not recover. It is further the rule that where there is no dispute as to the facts, and the dangers of obedience to an order are as apparent to the servant as to the master, or his representative, the servant can not hold the master liable for damages resulting from obedience to the order. (Labatt Mast. and Serv., secs. 442 and 443.)

It seems to be the contention of appellant that if he acted upon the assurance of the foreman that there was no danger in carrying the timber and that he, the foreman, would stand the consequences, that appellant was justified in lifting the timber regardless of his experience of his knowledge of the danger attending the work. Such is not the law. In all such cases an assurance that appliances are in good condition, or that the work is safe will not entitle the servant to a recovery when the risk is known and comprehended by the servant. (Galveston, H. & S. A. Ry. Co. v. Drew, 59 Texas, 10; Toomey v. Eureka Iron & Steel Works (Mich.), 50 N. W. Rep., 850; Anderson v. Lumber Company (Minn.), 49 N. W. Rep., 664; Hemke v. Ellis (Wis.), 86 N. W. Rep., 171; Hass v. Balch, 56 Fed. Rep., 984; District of Columbia v. McElligott, 117 U. S., 633; Reis v. Struck (Ky.), 64 S. W. Rep., 729.)

In the case of Phillips v. Michael (Ind.), 39 N. E. Rep., 669, the injured party, a girl between 15 and 16 years old, was set to work at a machine operated by steam and called a "mangle." She told her employers that she had no experience with such a machine and that she thought it was dangerous and wanted to quit 'working with it. The employer told her that it was not hard to operate and was not dangerous to the operator, and that he would take all risk of any accident that might occur to her by reason of her operating the mangle. The court said: "We think it clear that the appellant did not undertake to compensate Iva Weaver for injuries received through her own negligence, but only such as might befall her by reason of appellant's negligence, or by reason of the natural dangers incident to the use of the machinery when operated by her in an ordinarily prudent manner. If the evidence in this case is sufficient to show that the mangle which was operated by appellee's ward was dangerous, and that she was injured because it was so, and that she was inexperienced and incapable of appreciating the danger, then the verdict is right."

In the case of Toomey v. Steel Works, above cited, the Supreme Court of Michigan said: "Even if the foreman were the defendant's vice-principal, he could not bind the defendant by such a statement, if the danger were as apparent to plaintiff as to him. An employe assumes the risk when he voluntarily enters into danger, apparent to him, notwithstanding an agent of his employer tells him. there is no danger."

In the case of Anderson v. Akeley, above cited, the servant saw that the belt was insecure and reported the fact to his foreman, who said that the belt was all right and to go ahead. The court held that the servant must have known the risk and assumed it.

The third subdivision of the charge is not as clear as it might be but we think it sufficient. If the words from the word "instructed" are omitted down to the word "consequence" the charge would read thus: "In this connection you are, however, instructed; that the said plaintiff was entitled to rely upon the supposed better knowledge and statements of his employer, and that said plaintiff did not assume the risk and danger incident to the carrying of said piece of lumber, unless you believe from the evidence that the danger or risk, if any, was so patent or obvious that an ordinarily prudent person would have declined to have helped to carry said piece of lumber under the facts and circumstances of the case." No complaint is urged in the brief against that subdivision of the charge by appellant. The issues in the case were fully submitted and were decided by the jury against the contentions of appellant. The evidence sustains the verdict.

The motion for rehearing is overruled.

*Overruled.*

Writ of error refused.